# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIGOBERTO MELERO AGUIRRE, Petitioner, v. CYNTHIA ENTZEL, Warden, Respondent. | Case No. CV 17-05228 MWF (AFM)<br><br>**ORDER SUMMARILY DISMISSING HABEAS PETITION FOR LACK OF SUBJECT MATTER JURISDICTION** |

## INTRODUCTION

Petitioner is a federal inmate incarcerated at the Federal Correctional Institution Victorville II in Adelanto, California. On July 14, 2017, he filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody (28 U.S.C. § 2241). Petitioner, who currently is incarcerated at a medium-security facility, claims that officials for the Bureau of Prisons (BOP) wrongfully denied him a transfer to a low-security facility, despite his eligibility for the transfer due to his custody points. (Petition at 3.)

Based on the discussion below of the relevant legal authorities, the Petition is dismissed without prejudice for lack of subject matter jurisdiction because the BOP's discretionary housing determinations are not subject to judicial review.

///

**DISCUSSION**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) provides that the district court may apply this rule to "a habeas corpus petition not covered by" 28 U.S.C. § 2254, such as a habeas petition covered by 28 U.S.C. § 2241. *See Lane v. Feather*, 2013 WL 3280212, at *1 (D. Or. Jun. 27, 2013) ("Pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases, this court elects to apply Rule 4 to this 28 U.S.C. 2241 action.").

The law is well established that inmates do not have a due process liberty interest in their location of confinement. *See Grayson v. Rison*, 945 F.2d 1064, 1067 (9th Cir. 1991) (due process is not implicated in federal prisoner's transfer to less desirable unit); *see also Meachum v. Fano*, 427 U.S. 215, 224-25 (1976) (due process is not implicated by a transfer of a state prisoner).

Likewise, inmates do not have a due process liberty interest in their classification status. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Arevalo v. Booker*, 234 F. App'x 814 (9th Cir. 2007) (rejecting federal prisoner's claim that his classification and placement in an enhanced security program violated due process on the basis that "[p]rison officials' exercise of discretion to assign a security classification to an inmate does not violate the inmate's liberty interests); *Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir. 1987) (state prisoner has no constitutional right to a particular classification status).

Congress has vested the BOP with the authority to designate the place of a federal prisoner's imprisonment. *See* 18 U.S.C. § 3621(b). Section 3621(b) affords the BOP considerable discretion, using the factors Congress has enumerated

therein, to determine an inmate's placement. *See Rodriguez v. Smith*, 541 F.3d 1180, 1187 (9th Cir. 2008).

Congress also has expressly authorized the BOP to classify and segregate federal prisoners "according to the nature of the offenses committed, the character and mental condition of the prisoners, and such other factors as should be considered in providing an individualized system of discipline, care, and treatment of the persons committed to such institutions." *See* 18 U.S.C. § 4081.

BOP Program Statement ("PS") 5100.08 sets out policies and procedures regarding BOP inmate classification, designation and redesignation, including inmate transfer procedures. One of the stated objectives of PS 5100.08, is that "[e]ach inmate will be placed in a facility commensurate with their security and program needs through an objective and consistent system of classification which also allows staff to exercise their professional judgment [.]"

In 18 U.S.C. § 3625, Congress explicitly precluded judicial review of the BOP's housing decisions by excluding any "determination, decision, or order" made by the BOP pursuant to 18 U.S.C. §§ 3621-3624 from the provisions of the Administrative Procedure Act ("APA"), which authorizes federal courts to hear actions involving a "legal wrong" suffered because of an agency action. Consequently, while the Ninth Circuit has found that a court may review BOP regulations implementing § 3621 to determine whether they are consistent with the statute, *see Rodriguez*, 541 F.3d at 1187-88, the BOP's individualized, discretionary determinations concerning where to house a particular federal prisoner are not subject to judicial review, however the claim is presented. *See Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011) ("To find that prisoners can bring habeas petitions under 28 U.S.C. § 2241 to challenge the BOP's discretionary determinations made pursuant to 18 U.S.C. § 3621 would be inconsistent with the language of 18 U.S.C. § 3625."); *see also United States v. Dragna*, 746 F.2d 457, 458 (9th Cir. 1984) (district court lacks jurisdiction to

decide the location of a defendant's incarceration; that decision rests solely with the executive branch and is delegated to the BOP).

Based on the foregoing authorities, the Court is precluded from reviewing petitioner's claim that the BOP erred in his individual case by denying him a prison transfer in light of his security classification. This Petition therefore must be dismissed for lack of subject matter jurisdiction. *See Mohsen v. Graber*, 583 F. App'x 841, 842 (9th Cir. 2014) (district court lacked jurisdiction to consider federal inmate's claim that the BOP failed to give his transfer request individualized consideration); *Brown v. Ives*, 543 F. App'x 636, 637 (9th Cir. 2013) ("Insofar as Brown is challenging the BOP's individualized determination concerning his placement, the district court properly concluded that it lacked jurisdiction over the petition.").

**ORDER**

IT IS ORDERED that the Petition is summarily dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: August 3, 2017

                                        MICHAEL W. FITZGERALD
                                        UNITED STATES DISTRICT JUDGE